IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01636-BNB

RONALD JENNINGS FOGLE,

    Applicant,

v.

WARDEN DICK SMELSER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 1 0 2007

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant, Ronald Jennings Fogle, is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Fogle has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court must construe the application liberally because Mr. Fogle is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Fogle will be ordered to file an amended application.

Mr. Fogle was convicted in three cases in the Denver District Court of one count each of robbery, second degree kidnaping, aggravated robbery, and attempted aggravated robbery. The trial court also determined that Mr. Fogle was a habitual criminal and he was sentenced to sixty-four years in prison. Mr. Fogle asserts three claims for relief in the application challenging the validity of his sentence. He claims

that the prior convictions used to support the habitual criminal determination are unconstitutional, that his prior convictions from Maryland should count as only one prior conviction under Colorado law and not as four separate felony convictions, and that the records of his prior Maryland convictions were not properly authenticated under Colorado law.

It is not clear that the second and third claims Mr. Fogle is raising in this action are federal constitutional claims. "[R]elief under 28 U.S.C. § 2254 does not lie for errors of state law." **Richmond v. Embry**, 122 F.3d 866, 870 (10th Cir. 1997). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991). Therefore, Mr. Fogle will be ordered to file an amended application in order to clarify his second and third claims for relief. Mr. Fogle must specify the federal constitutional rights that allegedly were violated and he must assert specific facts that demonstrate how the use of the prior convictions to support his sentence as an habitual criminal violated his federal constitutional rights. Accordingly, it is

ORDERED that Mr. Fogle file **within thirty (30) days from the date of this order** an amended habeas corpus application that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Fogle, together with a copy of this order, one copy of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that, if Mr. Fogle fails within the time allowed to file an

2

amended application as directed, the application will be denied and the action will be dismissed without further notice.

DATED October 10, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01636-BNB

Ronald Jennings Fogle
Prisoner No. 106339
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 10/10/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk