IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01636-BNB

RONALD JENNINGS FOGLE,

    Applicant,

v.

WARDEN DICK SMELSER, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 13 2007

GREGORY C. LANGHAM
                  CLERK

---

ORDER OF DISMISSAL

---

Applicant Ronald Jennings Fogle is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility at Olney Springs, Colorado. Mr. Fogle initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging the sentence he is serving pursuant to his convictions in three Denver District Court cases. On October 10, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Fogle to file an amended application to clarify his second and third claims for relief. Magistrate Judge Boland noted that Mr. Fogle's second and third claims for relief did not appear to raise any federal constitutional issues and he directed Mr. Fogle to specify the constitutional rights that allegedly were violated and to assert specific facts in support of those claims to demonstrate that his federal constitutional rights were violated. On October 19, 2007, Mr. Fogle filed an amended habeas corpus application asserting the same three claims for relief.

The Court must construe the amended application liberally because Mr. Fogle is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Fogle was convicted by a jury in the Denver District Court of one count each of robbery, second degree kidnaping, aggravated robbery, and attempted aggravated robbery. The three cases in which he was convicted are 99CR135, 99CR136, and 99CR138. The trial court also determined that Mr. Fogle was an habitual criminal and he was sentenced to sixty-four years in prison.

Mr. Fogle asserts three claims in this action that challenge the validity of his sentence as an habitual offender. He first claims that his prior convictions from the State of Maryland that were used to support the habitual offender determination are unconstitutional because his guilty pleas in the prior cases were not knowing or voluntary. Mr. Fogle's second claim is that, despite a Maryland court order consolidating the prior Maryland cases, the Denver District Court improperly counted the prior Maryland convictions as four separate felony convictions. Mr. Fogle contends that this second claim is a federal constitutional claim because the trial court violated the Full Faith and Credit Clause. Mr. Fogle's third claim is based on his allegation that the records of his prior convictions were not authenticated properly in accordance with Colorado law. He claims that the failure to properly authenticate the records of his prior convictions violated his equal protection rights because other habitual offenders are sentenced on the basis of properly authenticated records.

Mr. Fogle's first claim lacks merit because he may not challenge the validity of the prior Maryland convictions that were used to enhance his Colorado sentence. **See Lackawanna County Dist. Attorney v. Coss**, 532 U.S. 394 (2001). In **Lackawanna**, the Supreme Court held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-04 (citation omitted). There is at least one narrow exception to the general rule in **Lackawanna**. This exception applies when there was a failure to appoint counsel in the prior proceeding in violation of the Sixth Amendment. **See *id*.** at 404. This exception is not applicable in the instant action because Mr. Fogle alleges that he had counsel in the Maryland cases.

A second exception to the general rule in **Lackawanna** may apply when a defendant cannot "be faulted for failing to obtain timely review of a constitutional claim." *Id*. at 405. Examples of such cases include when "a state court [has], without justification, refuse[d] to rule on a constitutional claim that has been properly presented to it" or when, "after the time for direct or collateral review has expired, a defendant [obtains] compelling evidence that he is actually innocent of the crime for which he was convicted, and which he could not have uncovered in a timely manner." *Id*. at 405. Mr. Fogle does not allege that the state courts have refused to rule on a properly presented

3

constitutional claim or that he has new compelling evidence of actual innocence. Therefore, Mr. Fogle's first claim for relief, in which he challenges the constitutionality of his prior Maryland state court convictions, may not be raised in this action and will be dismissed.

Mr. Fogle's second and third claims for relief also will be dismissed. Mr. Fogle's second claim is that the Denver District Court improperly counted his prior Maryland convictions as four separate felony convictions in violation of the Full Faith and Credit Clause. His third claim is that he was denied equal protection when the records of his prior convictions were not authenticated properly in accordance with Colorado law.

As noted above, Mr. Fogle was ordered to file an amended application because these two claims, as set forth in the original application, did not appear to assert the violation of a federal constitutional right. In his amended application, Mr. Fogle has attached a federal constitutional label to each of these claims. However, Mr. Fogle does not allege that he raised his second claim in the state courts as a violation of the Full Faith and Credit Clause or that he raised his third claim in the state courts as an equal protection claim. Therefore, it appears that these claims may not be exhausted. Furthermore, despite the labels Mr. Fogle attaches to these claims, the Court finds that the second and third claims for relief do not demonstrate the violation of a federal constitutional right.

Mr. Fogle argues in his second claim that his prior Maryland convictions should not have been counted as four separate prior felony convictions for the purpose of enhancing his Colorado sentence. Although Mr. Fogle refers to the Full Faith and Credit Clause, the issue he raises is an issue of state law. Pursuant to § 18-1.3-801(2)

4

of the Colorado Revised Statutes, a person convicted of a felony "who has been three times previously convicted, upon charges separately brought and tried, and arising out of separate and distinct criminal episodes, either in this state or elsewhere of a felony" is subject to habitual criminal sentencing.

Likewise, the issue Mr. Fogle raises in his third claim also is an issue of state law. In the third claim Mr. Fogle contends that the records of his prior convictions were not authenticated properly in accordance with Colorado law. Mr. Fogle's reference to an equal protection violation does not transform this state law claim into a federal constitutional claim because he presents no facts in support of the alleged violation of equal protection. He merely makes a conclusory allegation that he was treated differently than other habitual offenders.

A federal court reviewing an application for a writ of habeas corpus filed by a state prisoner is limited to deciding whether there has been a violation of "the constitution, laws, or treaties of the United States." **Estelle v. McGuire**, 502 U.S. 62, 67-68 (1991). Relief under 28 U.S.C. § 2254 is not available for violations of state law. **See Richmond v. Embry**, 122 F.3d 866, 870 (10th Cir. 1997). Furthermore, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Fogle go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). Mr. Fogle must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Therefore, Mr. Fogle's second and third claims for relief will be dismissed because the Court finds that

those claims do not demonstrate the violation of a federal constitutional right.

Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed.

DATED at Denver, Colorado, this 13 day of Nov., 2007.

BY THE COURT:

*/s/ Zita Weinshienk*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01636-BNB

Ronald Jennings Fogle
Prisoner No. 106339
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11\13\07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk